IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN RICHARD MONRO,

        Plaintiff,

        v.

BRANDON KELLY, et al.,

        Defendants.

Case No. 6:17-cv-01650-SB

**ORDER**

**MICHAEL H. SIMON, District Judge.**

Plaintiff, an inmate at Snake River Correctional Institution (SRCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 45). For the reasons set forth below, this Court DENIES Plaintiff's Motion.

## STANDARDS

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740

(9th Cir. 2015); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013). In the Ninth Circuit, a plaintiff also may obtain injunctive relief if there are serious questions going to the merits, the balance of hardships tips sharply in his favor, and the remaining two *Winter* factors are satisfied. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, No. 15-17517, 2018 WL 4090700, at *1 (9th Cir. 2018). If a plaintiff fails to demonstrate a likelihood of success on the merits or serious questions going to the merits, the court need not address the remaining factors. *Garcia*, 786 F.3d at 740. Where, as here, the plaintiff seeks a mandatory injunction which goes beyond maintaining the *status quo*, he must demonstrate that the facts and law clearly favor an injunction. *Id.*; *see also Am. Freedom Def. Initiative v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (mandatory injunctions are disfavored and will not be entered in doubtful cases).

A plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*; *see Saddiq v. Ryan*, 703 F. App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

///

///

///

## DISCUSSION

In Plaintiff's original Complaint, he alleges that Oregon State Penitentiary (OSP) officials violated his constitutional rights by placing him in temporary disciplinary segregation on February 13, 2017, filing false misconduct charges against him for smuggling drugs into OSP, denying him due process at a related disciplinary hearing, and confining him in various levels of segregation. Pl.'s Compl. (ECF No. 2) at 2-19.

In Plaintiff's proposed Supplemental Complaint, in contrast, he challenges different disciplinary action. Plaintiff alleges that SRCI officials violated his constitutional rights by transferring him to administrative segregation on June 1, 2018, pending an investigation into charges that his cellmate tested positive for Methamphetamine. Pl's Mot. for Leave to File Suppl. Compl. (ECF No. 49) at 2, 11, 14-29. Plaintiff alleges that the SRCI officials subsequently denied him due process at a September 2018 misconduct proceeding in which he was found guilty of possessing a controlled substance contained in a bottle in his cell. *Id.* at 3, 32-44. The Court recently denied Plaintiff's Motion for Leave to File a Supplemental Complaint.

This Court denies Plaintiff's Motion for Preliminary Injunction because the requested injunctive relief does not relate to the allegations of Plaintiff's original Complaint. Instead, Plaintiff seeks injunctive relief against the SRCI officials named as Defendants in his proposed Supplemental Complaint, and the relief relates to disciplinary action taken against him for possessing the controlled substance found in his cell. *See* Pl.'s Mot. for Prel. Inj. at 2-4. Because Plaintiff's Supplemental Complaint is not properly before the Court, injunctive relief is not warranted. Further, Plaintiff has made no attempt to demonstrate a likelihood of success on the merits of the claims raised in his Complaint.

///

## CONCLUSION

Based on the foregoing, this Court DENIES Plaintiff's Motion for a Preliminary

Injunction (ECF No. 45).

IT IS SO ORDERED.

DATED this _____6th_____ day of December, 2018.

MICHAEL H. SIMON
United States District Judge